AMERICAN RIVERS; Northwest Environmental Defense Center; Oregon Natural Resources Council; Pacific Coast Federation of Fishermen's Associations, Inc.; Trout Unlimited; Institute for Fisheries Resources; Federation of Fly Fishers; Sierra Club, Petitioners,

U.S. Department of Commerce, Intervenor,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent.

No. 98–70347.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 1999.

Decided March 16, 1999.

Todd D. True, Earthjustice Legal Defense Fund, Seattle, Washington, and Daniel J. Rohlf, Portland, Oregon, for petitioners.

Sean Donahue, United States Department of Justice, Washington, D.C., for intervenor.

John S. Katz, Federal Energy Regulatory Commission, Washington, D.C., for respondent.

Before: KLEINFELD and HAWKINS, Circuit Judges, and SCHWARZER,* Senior District Judge.

## ORDER

American Rivers, the Northwest Environmental Defense Center, Oregon Natural Resources Council, Pacific Coast Federation of Fishermen's Associations, Inc., Trout Unlimited, Institute for Fisheries Resources, the Federation of Fly Fishers, and the Sierra Club ("petitioners") petition this court to review the alleged refusal of the Federal Energy Regulatory Commission ("FERC") to initiate consultation pursuant to section 7(a)(2) of the Endangered Species Act, 16 U.S.C. § 1536(a)(2), with National Marine Fisheries Service on FERC's ongoing regulatory au-

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

thority over Idaho Power Company's operations of the Hell's Canyon Complex.

Petitioners filed their petition, styled "Petition to Initiate Consultation Under the Endangered Species Act," pursuant to 18 C.F.R. § 385.207(a)(5), on November 21, 1997. The petition asserted that if the FERC did not take action within thirty days, petitioners would consider their petition denied. The FERC having failed to respond, petitioners, on December 30, 1998, filed a request, styled "Request for Rehearing of Constructive Order Denying Petition to Initiate Consultation Under the Endangered Species Act." In response, FERC, on January 22, 1998, issued a Notice Rejecting Request for Rehearing, stating that "[b]ecause there had been no order from which to seek rehearing, petitioners' rehearing request is premature and must be rejected." This petition followed.

 Section 313 of the Federal Power Act states, in relevant part, that "[a]ny party to a proceeding under this chapter aggrieved by an order issued by the [FERC] in such proceeding may obtain a review of such order in the United States court of appeals...." 16 U.S.C. § 825*l*(b) (1994). Because appellate jurisdiction is dependent on the issuance of an order by FERC, we lack jurisdiction of the petition. Mere inaction by the FERC cannot be transmuted by petitioners into an order rejecting their petition. Administrative action is not reviewable as an order "'unless and until [it] impose[s] an obligation, den[ies] a right, or fix[es] some legal relationship as a consummation of the administrative process.'" *Cities of Riverside & Colton v. F.E.R.C.,* 765 F.2d 1434, 1438 (9th Cir.1985) (quoting *Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp.,* 333 U.S. 103, 113, 68 S.Ct. 431, 92 L.Ed. 568 (1948)). While section 313 provides specifically that an application for rehearing not acted on within thirty days may be deemed denied, there is no such provision applicable to other petitions.

For the reasons stated, the FERC's Notice Rejecting Request for Rehearing does not qualify as a reviewable order. The petition for review is DISMISSED without prejudice for lack of jurisdiction.

DISMISSED.